## No. 184

No. 20022—Antoinette V. Schick v. City of Cincinnati et al.

No. 20023—Rose F. Imbus v. City of Cincinnati et al.

No. 20024—Lilly Hull v. City of Cincinnati, et al.

Error to the Court of Appeals of. Hamilton county.

323. COURTS—Supreme Court does not render declaratory judgments, and unless a party has properly presented a law question appearing upon face of record, it will not pass upon one which might have arisen.

1104. STATUTES—Statutes relating to time and manner of executing power or jurisdiction vested in a public officer, may be construed as directory, unless negative words require otherwise.

103. ASSESSMENTS—Failure of officer to have property owner's claim for damages adjudicated within 10 days, as provided in 3829 GC. does not invalidate an assessment, but suspends right to collect.

DAY, J.

1. Statutes which relate to the manner or time in which power or jurisdiction vested in a public officer is to be exercised, and not to the limits of the power or jurisdiction itself, may be construed to be directory unless accompanied by negative words importing that the act required shall not be done in any other manner or time than that designated.

2. Where a municipality has improved a street by widening, paving, curbing, etc., failure of the mayor or solicitor to have a property owner's claim for damages adjudicated within ten days after the completion of the improvement as provided in Section 3829, General Code, does not invalidate an assessment levied for making said improvement, but merely operates to suspend the right of the city to collect said assessment until such adjudication is made.

3. This court does not render declaratory judgments, and unless a party to an action by taking proper steps has availed himself of his rights to present a law question upon the face of the record, this court will not pass upon a question that might have arisen had he so done.

Judgments affirmed.

Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

**31. ADMINISTRATION OF ESTATES.**

Where an administratrix is appointed to administer the estate of a decedent, a motion asking for a receiver for benefit of creditors is properly overruled, for the creditors are just as amply protected in this manner as through the instrumentality of a receiver, and at less expense. Frey, et v. Jones, Admx. OA. 5 Absi 131.

**103. ASSESSMENTS.**

Failure of officer to have property owner's claim for damages adjudicated within 10 days, as provided in 3829 GC. does not invalidate an assessment, but suspends right to collect. Hull v. Cincinnati (City) et. 5 Abs. 143.

**127. BANKRUPTCY.**

Does estate of remainder, subject to life tenant, who will defeat remainderman if he outlives him, pass to trustee in bankruptcy, before death of life tenant? Peck v. Chatfield. OS. Pend. 5 Abs. 140.

**147. BILLS & NOTES.**

Is a post dated check a bill of exchange or is it a check as contemplated by Sec. 710-176 GC? Weisberg v. State. OS. Pend. 5 Abs. 141.

**183. BUDGET COMMISSION.**

1. Section 5649-5e GC., providing for additional levy, and further providing that the clerk transmit to the Budget Commission a certified copy of the resolution, is directory.

2. Failure of the clerk to deliver such copy does not deprive the city council of having said resolution considered by the Commission, as the failure of a ministerial officer to perform a duty will not defeat a' right given by law. State ex Hamilton (City) v. Long, Aud. OA. 5 Abs. 135.

**225. CHARGE TO JURY.**

1. Where a court in its general charge assumes that one or more of the defendants are guilty of negligence, such is error because it is fundamental that when a charge of negligence is made, and denied, that negligence is never presumed.

2. Where a court in its general charge upon burden of proof, states that jury must be satisfied by a preponderance of the evidence, it is erroneous, the rule being that the party on whom the law casts the burden of proof must carry it by a preponderance of the evidence, and to satisfy, requires more than a preponderance of the evidence. Harig et v. McCutcheon et. OA. 5 Abs. 130.

Did court err in charging upon contributory negligence in injury case based upon failure to warn of danger? Whitaker v. McCrory. OS. Pend. 5 Abs. 140.

**257. COMMISSIONS.**

Where first real estate deal falls through and broker at request of owner calls same parties together again, and owner takes $500 less, and when purchaser asks about commission, owner says he will · take care of same, and broker is silent, owner obligates himself to pay commission. Dethloff v. Starbuck. OS. ·5 Abs. 142.

**297. CONTRACTS.**

Broker cannot recover commission for sale of real estate where he is to procure purchaser ready and willing to buy at net price to owner, when he does not procure purchaser over the net price. Dethloff v. Starbuck. OS. 5 Abs. 142.

**313. CORPORATIONS.**

Can a corporation whose capital stock is impaired, purchase and retire its preferred stock, thereby leaving its creditors unpaid, by virtue of Sec. 3669 GC? De Vaughn, Trustee v. Shields Cutter Co. OS. Pend. 5 Abs. 141.

**323. COURTS.**

Supreme Court does not render declaratory judgments, and unless a party has properly presented a law question appearing upon face of record, it will not pass upon one which might have arisen. Hull v. Cincinnati (City) et. OS. 5 Abs. 143.

**345. CUSTOM & USAGE.**

Where no express amount of commission is mentioned, the same will be governed by the custom and usage of the locality. Dethloff v. Starbuck. OS. 5 Abs. 142.

**355. DAMAGES.**

1. Where special damages are not plead in an action for breach of warranty, the court is bound to confine the evidence introduced as to the measure of damages, to the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered the warranty.

2. This does not mean that such evidence should be confined to mere opinion evidence as to value; but any